1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11   DANIEL MCKELVEY,                )
                                     )
12              Plaintiff(s),        )      No. C10-1205 JSW (BZ)
                                     )
13        v.                         )
                                     )      **REPORT AND RECOMMENDATION**
14   SOS WHERIFY, LLC, GLOBETRACK)           **RE PLAINTIFF'S MOTION**
     WIRELESS, INC., and DOES        )       **FOR DEFAULT JUDGMENT**
15   1-50, inclusive,                )
                                     )
16              Defendant(s).        )
     _____)

17

18        Judge White has referred to me for a report and

19   recommendation plaintiff Daniel McKelvey's motion for entry of

20   default judgment against defendants SOS Wherify, LLC and

21   Globetrack Wireless, Inc.[1]  Doc No. 37.  The Clerk entered the

22   defendants default on December 9, 2010.  Doc No. 35.

23   Defendants did not respond to plaintiff's motion for default

24   judgment, and did not appear at the April 6, 2011 hearing on

25   the matter.  The following is my report and recommendation for

26   the entry of default judgment against defendants.

27   _____

          [1]    SOS-Wherify purchased the assets of GlobeTrack
28   Wireless in September 2008.

                                     1

1    Pursuant to FRCP 55(b)(2), the Court may enter a default

2    judgment against a party whose default has been entered.[2]  By

3    their default, defendants are deemed to have admitted the

4    well-pleaded averments of the complaint except those as to the

5    amount of damages.  FRCP 8(b)(6).  The decision to grant or

6    deny a default judgment under FRCP 55(b) is within the

7    discretion of the Court.  Eitel v. McCool, 782 F.2d 1470,

8    1471-72 (9th Cir. 1986).  Although a formal hearing is not

9    required for the Court to render a default judgment, Davis v.

10   Fendler, 650 F.2d 1154 (9th Cir. 1981), plaintiffs have the

11   burden of proving damages through testimony, written

12   affidavit, or other relevant evidence.  See Bd. of Trs. of the

13   Boilermaker Vacation Trust v. Skelly, Inc., 389 F.Supp.2d

14   1222, 1226 (N.D. Cal. 2005).

15       Plaintiff worked as a consultant for defendants from

16   November 1, 2007 to June 30, 2008.  Plaintiff then signed a

17   contract that beginning July 1 he would perform these same

18   duties and responsibilities as CEO for defendants in exchange

19   for a salary of $150,000.00 per year.  On April 10, 2009,

20   defendants terminated plaintiff without ever compensating him

21   for the services he provided.  Plaintiff filed suit on July 8,

22   2009, alleging that defendants breached the employment

23   contract and violated several provisions of the California

24   Labor Code and the Business and Professions Code by not paying

25

26       [2]    The Court may not enter a default judgment against an
     unrepresented minor, an incompetent person, or a person in
27   military service.  See FRCP 55(b)(2); 50 App. U.S.C. § 521.
     Corporate defendants, however, are not subject to these
28   limitations.

2

1   his wages. By their default, defendants have conceded that
2   plaintiff's well-pled averments are true and thus admit that
3   they have breached the employment agreement.[3] Liability for
4   breach of the employment agreement having been established,
5   the remaining issue is the relief available to the plaintiff.

6      For damages, plaintiff seeks $200,000.00 for the 16
7   months of employment services he provided. Under the
8   employment agreement, plaintiff worked for nine months at the
9   rate of $150,000.00 per year, or $12,500.00 per month, which
10   amounts to $112,500.00. By declaration, plaintiff testified
11   that the value of plaintiff's seven months of work as a
12   consultant, in which he performed similar services as when he
13   was CEO, would be the same or $87,500.00 for seven months,
14   which I find reasonable. Accordingly, I recommend that
15   plaintiff recover damages for unpaid wages in the total amount
16   of $200,000.00.

17      Plaintiff also seeks to recover his attorneys' fees and
18   costs in this matter. Plaintiff's contract with his counsel
19   provided for attorneys' fees in the amount of 30 percent of
20   any recovery. McKelvey Declaration at ¶ 5. Plaintiff asks
21   for this amount which he argues is supported by the "lodestar
22   figure" of hours reasonably expended by his counsel on the

---

24      [3]   In California, the elements required to prove a breach of contract claim are: (1) existence of a contract; (2) plaintiff's performance; (3) defendants's breach; and (4) resulting damages to the plaintiff. Reichert v. General Ins. Co. of Am., 68 Cal. 2d 822, 830 (1968). Plaintiff has shown that (1) defendants were contractually obligated to compensate plaintiff in the amount specified in the agreement; (2) plaintiff performed his obligations under the contract; (3) defendants failed to pay the wages due under the agreement; and that as a result, (4) plaintiff suffered damages.

3

1   case multiplied by a reasonable hourly rate.  In a
2   supplemental declaration, plaintiff submits that this lodestar
3   figure is $65,835.00 for 125.4 hours of work by his counsel at
4   a blended billing rate of $525.00 per hour.  Righetti
5   Supplemental Declaration at ¶ 4.

6       Plaintiff contends that he is entitled to attorneys' fees
7   under California Labor Code §§ 1194 and 218.5.  Section 1194
8   provides relief, including attorneys' fees, for an employee
9   who has been paid "less than the legal minimum wage or the
10  legal overtime compensation applicable to the employee."
11  Section 218.5 provides that an employee may recover attorneys'
12  fees in an action for the nonpayment of wages.  Plaintiff,
13  however, is being awarded $200,000.00 for breach of his
14  employment contract with defendants and not because defendants
15  failed to pay him the legal minimum wage or other wages under
16  the Labor Code.[4]  To rule that any successful breach of
17  contract claim entitles a party to attorneys' fees under
18  Section 218.5 would be tantamount to inserting an attorneys'
19  fee clause into every employment contract, even when the
20  parties have decided not to include one.  Plaintiff has cited
21  no authority that supports such a result.  As to the Section
22  1194 claim, plaintiff admitted that he is not seeking a
23  minimum wage; he is seeking breach of contract damages.  Thus,
24  I recommend that plaintiff not be awarded attorneys' fees in
25  this matter.

26      For the foregoing reasons, I recommend that judgment be

27

28  _____
    [4]   Plaintiff's contract with defendants did not include
    an attorneys' fees provision.

4

1   entered in plaintiff's favor against defendants for a total

2   award of $200,000.00.

3   Dated: June 20, 2011

4

5   Bernard Zimmerman
    United States Magistrate Judge

6

7   G:\BZALL\-REFS\MCKELVEY V. SOS WIRELESS (R&R)\R&R RE DEFAULT JUDGMENT AFTER
    HEARING.wpd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28